## *In re* WO TAI LI.

*(District Court, N. D. California.   August 16, 1888.)*

CHINESE RESTRICTION ACT—RIGHT OF ENTRY—CERTIFICATE OF IDENTITY.

   The Chinese restriction act of 1884, § 6, provides that any Chinese person other than a laborer, entitled by treaty to enter the United States, shall have a certificate of his identity issued by the Chinese government, and viséd by the diplomatic representatives of the United States, etc., which "shall be the sole evidence permissible on the part of the person so producing the same to establish a right to entry into the United States."   *Held*, that a Chinese person who fails to produce such a certificate cannot establish a right to enter by any other evidence.

Petition for *Habeas Corpus* to release a Chinese person, who has been denied the right to enter the United States.

*Philip Teare*, for petitioner.

*John T. Carey*, U. S. Atty., and *Charles L. Weller*, Asst. U. S. Atty.

HOFFMAN, J.   The petitioner claims the right to land in the United States on the ground that she is the wife of a Chinese actor, and therefore does not come within the prohibition of the treaty and of the act of congress which forbids the coming into the United States of Chinese laborers.   By the sixth section of the amended restriction act of 1884 it is provided, in substance, that—

"Every Chinese person other than a laborer, who may be entitled by said treaty or this act to come within the United States, and who may be about to come to the United States, shall obtain the permission of and be identified as

so entitled by the Chinese government, etc.; in each case to be evidenced by a certificate issued by such government, which certificate shall be in the English language, etc. * * * The certificate provided for in this act, and the identity of the person named therein, shall, before such person goes on board of any vessel to proceed to the United States, be viséd by the indorsement of the diplomatic representatives of the United States in the foreign country from which said certificate issues, or of the consular representatives, etc. * * * Such certificate, viséd as aforesaid, shall be *prima facie* evidence of the facts set forth therein, and shall be produced to the collector of customs in the port of the district of the United States at which the person named therein shall arrive, and afterwards produced to the proper authorities of the United States, whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right to entry into the United States."

No such certificate has been produced or was obtained by the petitioner in this case. It is contended on her part that the certificate is declared to be the sole evidence permissible on the part of the person so producing the same, and that, inasmuch as this person has not produced any certificate, parol testimony is admissible to show that she does not belong to the prohibited class. The language of the act is certainly infelicitous, but its meaning is obvious. It is that the certificate is required to be produced by all Chinese persons, other than laborers, claiming the right to enter this country; and such certificate is to be the sole evidence of their right to land. Unless, therefore, the whole section is to be disregarded, and the obvious intention of congress frustrated, the certificate must in all cases be exacted. To say that because the applicant has utterly neglected to comply with the law, and has produced no certificate, therefore her right to land may be established by other evidence, would be an absurd conclusion, founded upon the mere letter of the statute, and in obvious contravention of its spirit and meaning. The petitioner must be remanded.