LACOMBE, Circuit Judge.
Since the facts are all set forth tersely in stipulation, it will not be necessary to restate them. Tne proceedings under which the petitioner is temporarily held till he can be removed from the United States were instituted under section 12 of the Laws of 1882, as amended by the Laws of 1884, which provides that “any Chinese person found unlawfully within the United States shall be caused to be removed therefrom to the country from whence he came.” He was brought before a United States commissioner, who found that he was a person not lawfully entitled to be or to remain in the' United States, and ordered his removal. Section 6 of the same amended act provides in detail for a certain certificate evidencing, inter alia, the permission of the Chinese government to be obtained by every Chinese person other than a laborer who seeks admission into the United States, and further provides that such certificate “shall be produced to the collector of customs of the port in the district of the United States at which the person therein shall arrive, and afterwards produced to the proper authorities of the United States whenever lawfully demanded, and shall be the sole evidence permissible on the part of the person so producing the same to establish a right of entry into the United States; but said certificate may be controverted, and the facts therein stated disproved, by the United States authorities.” Petitioner concededly did not produce such certificate to the collector or to the commissioner, and apparently had never obtained one.
It is contended that the petitioner, being the -infant son (be is *882 between 11 and 13 years old) of one who may, for the purposes of this proceeding, be considered a Chinese merchant lawfully residing here, is entitled to enter without the production of any such certificate. The only authority cited in support of this proposition is the Chung Shee Case, 71 Fed. 277, but apparently in that case the betrothed bride held a certificate. The clear weight of authority is against petitioner’s contention (In re Ah Quan, 21 Fed. 182; In re Chinese Wife, Id. 786; In re Wo Tai Li, 48 Fed. 668), and there is nothing in the language of the statute warranting any such construction. As was held by the supreme court in Wan Shing v. U. S., 140 U. S. 424, 11 Sup. Ct. 729:
“The result of the legislation respecting the Chinese would seem to be this: that no laborers of that race shall hereafter be permitted to enter the United States, or even to return after having departed from the country, though they may have previously resided therein, and have left with a view of returning; and that all other persons of that race, except those connected with the diplomatic service, must produce a certificate.”
It is next contended that the decision of the deputy collector at Malone, N. Y. (acting as collector), permitting petitioner to enter the United States, although no certificate such as the statute required was produced to such officer, is a final adjudication upon petitioner’s right to enter, and that, in view of such decision, the commissioner should have held that he was lawfully entitled to be and remain in the United States. There have been very many decisions under the various acts regulating immigration, Chinese or other, touching the conclusiveness of the decision of collectors or other officers to whom application is made for permission. It is not necessary to review them here at length. The propositions which they sustain are these: Where the decision of the executive officer, such as the collector, is not made final either by express language or by necessary implication, the courts will adjudicate upon the question of his being entitled to enter, when that question comes before them, unhampered by any decision of the executive officer. And the phraseology of sections 12 and 6 of the act above cited manifestly contemplates an investigation as to the right to enter by the judicial officers referred to therein. It is, however, within the power of congress to delegate to executive officers solely, without review by the courts, the determination of any or all questions as to the right of an alien to enter this country. It will be sufficient to refer to U. S. v. Jung Ah Lung, 124 U. S. 621, 8 Sup. Ct. 663; Nishimura Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336; Lem Moon Sing v. U. S., 158 U. S. 538, 15 Sup. Ct. 967; U. S. v. Loo Way, 68 Fed. 475; U. S. v. Chung Shee, 71 Fed. 277, on appeal, 22 C. C. A. 639, 76 Fed. 951. In 1888, by the act of September 13th (section 12), congress provided that “the collector shall in person decide all questions in dispute with regard to the right of any Chinese person to enter the United States, and his decision shall be subject to review by the secretary of the treasury, and not otherwise.” Under this act, whichever way the collector decided his adjudication, under the authorities supra, would be final. It seems that section 12 of the act of 1888 never took effect, being contingent on the ratification of some treaty pending at *883 the time. Subsequently, in the act of August 18, 1894, c. 391 (28 Stat. 390), congress provided that “in every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the secretary of the treasury.” This makes the decision a final adjudication only when adverse to admission. If the immigration or customs officer decides to allow the immigrant to enter, such decision has no more force as a controlling adjudication, when the question of right to be or remain in the United States comes before court or commissioner, than it had under section 9 of the act of 1882, as amended in 1884, which was before the supreme court in U. S. v. Jung Ah Lung, supra.
It is further contended that the ruling of the commissioner that the sole proof of petitioner’s right to enter was the certificate which he had never obtained was erroneous. Various constitutional objections are advanced, but they have all been raised before, and answered by the supreme court, as may be seen from the exhaustive review of its decisions in Wong Wing v. U. S., 163 U. S. 228, 16 Sup. Ct. 977. There is no question here of any punishment; the order complained of directs petitioner’s removal only. The writ of habeas corpus is dismissed, and the decision of the commissioner which was brought up on certiorari is affirmed.