UNITED STATES v. GUE LIM.

(District Court, D. Washington, N. D. October 28, 1897.)

EXCLUSION OF CHINESE — WIFE OF MERCHANT — CERTIFICATE OF RIGHT TO ENTER.

The wife of a Chinese merchant residing in this country, not belonging to the laboring class, is not a person excluded by the laws, and upon arrival here is entitled to enter and take up her residence with her husband, without producing the certificate prescribed by 1 Supp. Rev. St. (2d Ed.) p. 459, § 6. In re Li Foon, 80 Fed. 881, disapproved.

Wm. H. Brinker, U. S. Atty.
George S. Bush, for defendant.

HANFORD, District Judge. The defendant is the wife of a Chinese merchant lawfully domiciled and doing business as a merchant in this state. Upon her arrival a few months ago, the collector of customs at the port of her arrival, upon proof, which he considered sufficient, that she is not a laborer, nor a person excluded by the laws of the United States from coming to this country, and that she is the lawful wife of a Chinese merchant, permitted her to land, and take up her residence with her husband; but her right to enter was not evidenced by the certificate prescribed by the sixth section of the act of July 5, 1884 (1 Supp. Rev. St. [2d Ed.] p. 459), which reads as follows:

"Sec. 6. That in order to the faithful execution of the provisions of this act, every Chinese person, other than a laborer, who may be entitled by said treaty or this act to come within the United States, and who shall be about to come to the United States, shall obtain the permission of and be identified as so entitled by the Chinese government, or of such other foreign government of which at the time such Chinese person shall be a subject, in each case to be evidenced by a certificate issued by such government, which certificate shall be in the English language, and shall show such permission, with the name of the permitted person in his or her proper signature, and which certificate shall state the individual, family and tribal name in full, title or official rank, if

any, the age, height, and all physical peculiarities, former and present occupa-- tion or profession, when and where and how long pursued, and place of residence of the person to whom the certificate is issued, and that such person is entitled by this act to come within the United States. If the person so applying for a certificate shall be a merchant said certificate shall, in addition to above requirements, state the nature, character, and estimated value of the business carried on by him prior to and at the time of his application as aforesaid. * * *"

The present proceeding was initiated by a complaint sworn to by an officer whose duty is to see to the enforcement of the statutes excluding Chinese laborers, alleging that the defendant is a Chinese laborer, not registered, and not having possession of a certificate of registration, as required by the act of May 5, 1892 (2 Supp. Rev. St. p. 13). Upon said complaint a warrant was issued, and the defendant has been brought before the court for the purpose of obtaining an order for her deportation.

As the defendant does not belong to the laboring class, she is not required to be registered, and her arrival in this country was not in time to have entitled her to be registered as provided in the last-mentioned act. The question in the case is whether she was entitled to be admitted upon her arrival, without producing the certificate required of Chinese persons privileged to enter, by the sixth section of the act of 1884, above quoted. In a case similar to this, which came before Judge Deady, at Portland, in 1890, that eminent judge considered the question in all its phases, and held that the wife and minor child of a Chinese merchant lawfully dwelling in the United States were not of the laboring class, and therefore not excluded from entering; and held section 6 of the act of 1884 to be not applicable to such a case, for the reason that it is impracticable for such persons to comply with the requirements of that section, and the effect of the statute, if applicable to such cases, must necessarily be to exclude them, and deprive them of rights guarantied by the treaty of 1880. In re Chung Toy Ho, 42 Fed. 398. I find support for this decision in the opinion of Judge Sawyer in the Case of Ah Moy, 21 Fed. 785, wherein he shows that the Chinese exclusion acts were intended to apply to laborers as a class, and that the wife of a Chinese person has the same status as her husband, and belongs to the class to which he belongs, whether she is in fact a laborer or not. Also in the decision of the supreme court in the case of Lau Ow Bew v. U. S., 144 U. S. 47–64, 12 Sup. Ct. 517, 520, wherein it was held that a Chinese merchant having an established mercantile business in the United States, and maintaining therein a commercial domicile, upon returning from a temporary absence, was entitled to enter and remain in this country without producing the certificate required by section 6 of the act of 1884. Chief Justice Fuller, in the opinion of the court, says:

"The amendatory act of July 5, 1884, enlarged the terms of the certificate, and provided that it should be the sole evidence permissible on the part of the person producing the same to establish a right of entry into the United States. This rule of evidence was evidently prescribed by the amendment as a means of effectually preventing the violation or evasion of the prohibition against the coming of Chinese laborers. It was designed as a safeguard to prevent the unlawful entry of such laborers under the pretense that they be-

longed to the merchant class, or to some other of the admitted classes. But the phraseology of the section, in requiring that the certificate of identification should state not only the holder's family and tribal name in full, his title or official rank, if any, his age, height, and all physical peculiarities, but also his former and present occupation or profession, when and where and how long pursued, and his place of residence, and, if a merchant, the nature, character, and estimated value of the business carried on by him prior to and at the time of his application for such certificate, involves the exaction of the unreasonable and absurd condition of a foreign government certifying to the United States facts in regard to the place of abode and the business of persons residing in this country, which the foreign government cannot be assumed to know, and the means of information in regard to which exist here, unless it be construed to mean that congress intended that the certificates should be produced only by Chinese residing in China or some other foreign country, and about to come for the first time into the United States for travel or business or to take up their residence. * * * By general international law, foreigners who have become domiciled in a country other than their own acquire rights and must discharge duties in many respects the same as possessed by and imposed upon the citizens of that country, and no restriction on the footing upon which such persons stand by reason of their domicile of choice, or commercial domicile, is to be presumed; while by our treaty with China, Chinese merchants domiciled in the United States have, and are entitled to exercise, the right of free egress and ingress, and all other rights, privileges, and immunities enjoyed in this country by the citizens or subjects of the 'most favored nations.' There can be no doubt, as was said by Mr. Justice Harlan, speaking for the court, in Chew Heong v. U. S., 112 U. S. 536–549, 5 Sup. Ct. 255, 259, that, 'since the purpose avowed in the act was to faithfully execute the treaty, any interpretation of its provisions would be rejected which imputed to congress an intention to disregard the plighted faith of the government; and, consequently, the court ought, if possible, to adopt that construction which recognized and saved rights secured by the treaty.' Tested by this rule, it is impossible to hold that this section was intended to prohibit or prevent Chinese merchants having a commercial domicile here from leaving the country for temporary purposes, and then returning to and re-entering it: and yet such would be its effect if construed as contended for on behalf of appellee."

In reason, it seems to me that this statute could not have been intended by congress to apply to cases like the one now being considered. Its nonapplicability is shown by the fact that compliance with its requirements on the part of persons in the situation of this defendant is impossible; and it is unreasonable to presume that congress intended to exact of persons whose right to dwell in this country has been secured by treaty stipulations performance of impossible conditions, or to deprive them of the right to come into this country for nonperformance of such conditions. If it was intended to abrogate the treaty, congress would have so declared in explicit terms.

I would not have felt called upon to write an opinion in this case if it were not for the fact that recently Judge Lacombe, in the Li Foon Case, 80 Fed. 881, has given effect to this statute as a barrier to the admission into the United States of an infant child of a Chinese merchant lawfully residing therein, and upon the authority of his decision the officers of the government insist that the defendant in this case must be separated from her husband, and returned to China. In his opinion the learned judge seems to have been led to his conclusion by consideration of what he supposed to be the weight of authority, and yet he ignores entirely the decision by Judge Deady in the Chung Toy Ho Case and the decision of the supreme court in the Lau Ow Bew

Case. He says the only authority cited in support of the right of a child of a Chinese merchant residing here to come into the United States is the Chung Shee Case, 71 Fed. 277, but "apparently in that case the betrothed bride held a certificate." As a matter of fact, the Chung Shee Case, as reported in 71 Fed., is not an authority on that point at all. The decision in that case by Judge Wellborn was to the effect that the right of the woman to come into the United States, and remain, had been finally adjudicated by Judge Bellinger, and that the judgment in her favor, rendered at Portland, Or., was final and conclusive, and he therefore declined to consider the question as to the right of a wife or child of a Chinese merchant in this country to come into the United States without producing the certificate required by the act of 1884. Further, in his opinion, Judge Lacombe says:

"The clear weight of authority is against petitioner's contention (In re Ah Quan, 21 Fed. 182; In re Chinese Wife, Id. 786; In re Wo Tai Li, 48 Fed. 668), and there is nothing in the language of the statute warranting any such construction. As was held by the supreme court in Wan Shing v. U. S., 140 U. S. 424, 11 Sup. Ct. 729."

In the Ah Quan Case, 21 Fed. 182, Judge Sawyer and Judge Hoffman gave an interpretation of the statutes harmonious with the conclusions of the supreme court in the Lau Ow Bew Case; that is to say, they held the requirements as to certificates required of Chinese laborers returning to the United States to be not applicable to cases of Chinese laborers entitled to return after temporary absences from the United States, whose departure had been prior to any time when return certificates could have been issued pursuant to the statutes; nor to cases of merchants or Chinese persons other than laborers, who were en route to enter the United States prior to July 5, 1884. The reason given for excusing such persons from compliance with the letter of the statute, as I gather from the opinion, is that conditions impossible of performance are not to be presumed to have been intended by congress. The report of the decision contains no statement of facts in the case which Judges Sawyer and Hoffman were called upon to consider, but it is apparent from the opinion that they did not consider the case of a wife or minor child of a Chinese merchant, having an established business and domiciled in the United States previous to the coming of such wife or minor child.

In the Chinese Wife Case, 21 Fed. 785, the woman in the case was the wife of a Chinese laborer, and belonged to the class of persons which the statutes prohibit from entering the United States, and Judge Sawyer placed his decision against the right which she claimed on that ground. The opinion by Mr. Justice Field, however, in that case, does hold that a Chinese wife must be regarded as a distinct person, and that, to be entitled to admission, she must furnish a certificate, as required either by section 4 or by section 6 of the act of 1884; and his opinion is an authority supporting Judge Lacombe's decision, entitled to due respect. The only comment upon it which I deem proper to make is that it was rendered prior to the decision of the supreme court in the case of Chew Heong v. U. S., 112 U. S. 536–580, 5 Sup. Ct. 255, in which the court held that the fourth section of the act of May 6, 1882, as amended by the act of July 5, 1884, prescribing the cer-

tificate which shall be produced by a Chinese laborer as the only evidence permissible to establish his right to re-enter into the United States, is not applicable to Chinese laborers who, residing in this country at the date of the treaty, on November 17, 1880, departed by sea before May 6, 1882, and remained out of the United States until after July 5, 1884, reversing the judgment of the circuit court of the United States for the district of California, given in accordance with the opinion of Mr. Justice Field, and contrary to the opinion of Judge Sawyer.

In the Wo Tai Li Case, Judge Hoffman held that the wife of a Chinese actor was not entitled to admission without producing the required certificate, but there is nothing in the report of the case to show that her husband was domiciled in this country, or that Judge Hoffman considered the question as to the right of Chinese persons not laborers, having a domicile in the United States, to bring their wives and minor children to dwell with them.

The Wan Shing Case, 140 U. S. 424, 11 Sup. Ct. 729, is not an authority in point. The case is distinguished by the fact than Wan Shing did not, at the time of his proposed return to the United States, have an established business or domicile in the United States. Emphasis is given to these important facts in the opinion of Chief Justice Fuller in the Lau Ow Bew Case.

Recurring to the decision by Judge Lacombe in the Li Foon Case, he states that apparently the betrothed bride referred to in the Chung Shee Case held a certificate, as if that fact might be considered the basis for the decision in favor of her right to enter. It appears, however, by the report of Judge Bellinger's decision, that the only certificate which was considered in the case was a certificate identifying the husband, and setting forth that the petitioner was his wife, and that such certificate was intended to evidence her right to land by virtue of such relation, which certificate was prepared at Portland, Or., and forwarded to China. Certainly, this was not the certificate contemplated or required by section 6 of the act of 1884. In re Lum Lin Ying, 59 Fed. 682. I consider that it may be fairly claimed that the weight of authority is not as supposed by Judge Lacombe, but the contrary.

Looking now to the reasons for and against the rule contended for by the officers of the government, I agree with Judge Deady that the admission of Chinese merchants with their families is not to be regarded as a mischief which the Chinese restriction and exclusion acts were intended to remedy. This is a commercial nation. The maintenance and extension of American commerce with the Oriental countries must redound to the benefit of the American people as a whole. Chinese merchants in this country are doing an important part in fostering this important interest, and no benefit whatever can accrue to the people of this country by depriving them of liberty to dwell within our borders, with their families, under the protection of our laws. The argument that Chinese laborers will come to the United States in great numbers under pretense of being members of families of merchants already living here, does not have very great force. The law has been administered as interpreted by

Judge Deady since the date of his decision in the Chung Toy Ho Case in 1890, and the evils supposed to follow such a decision have not come to pass.    But, against all argument opposed to liberality towards Chinese of the merchant class, it must be said that it is the duty of the court to declare the law as congress has made it, and harmonious with the established rules for the construction and interpretation of statutes.    By this test I am constrained to hold that the defendant is entitled to be discharged.