UNITED STATES v. LAU SUN HO.

(District Court, N. D. California. February 2, 1898.)

No. 3,500.

DEPORTATION OF CHINESE—DECISION OF COLLECTOR OF PORT.

The action of the collector of a port in permitting a Chinese laborer to land, upon representations that he was born here, is not in any sense judicial, and, in a proceeding for the laborer's deportation, does not constitute even prima facie evidence of his right to remain in the United States.

This was a proceeding to procure the deportation of Lau Sun Ho, as a Chinese laborer not entitled to remain in the United States.

H. S. Foote, U. S. Atty.

Thos. D. Riordan, for defendant.

DE HAVEN, District Judge. The affidavit upon which this proceeding is based charges that the defendant is now unlawfully within the limits of the United States, and it is further charged therein that the defendant—

"Reached the said port of San Francisco, state and Northern district of California, from Hong Kong, China, on the steamship Peru, in the month of December, 1896, and by means of false and fraudulent representations that she was a native born of the said United States, made to the collector of said port, his deputies and officers, having then' and there in charge the examination of Chinese persons making application to land at said port, she, the said Lau Sun Ho, * * * was then and there and thereby landed on the 20th day of January, 1897, by said collector, at said port, whereas, in truth and in law the said Lau Sun Ho * * * was not then and there, or at any time, entitled to land at said port, and be within the limits of the United States, inasmuch as she was not a native born, as falsely claimed by her."

The sufficiency of this affidavit is not to be determined by the strict rules applicable to pleadings, and, giving to it a very liberal construction, the affidavit may be construed as charging that the defendant is a Chinese laborer, and not lawfully entitled to remain in the United States. The special referee to whom the case was referred, with instructions to hear the testimony and report to the court the facts, and to recommend such judgment as in his opinion ought to be entered, has filed his report, in which he says:

"The only material evidence submitted for my consideration is the order of the collector of customs of said port, permitting her to land, and the testimony of Mrs. Hull (who understands the Chinese language), of the Methodist Mission, where the defendant has been for the last seven months, and of Look Gum, a female Chinese interpreter there, to the effect that the defendant told them several times, in the Chinese language, since she has been at said mission, that she was born in China, outside of Canton, that she had been deceived in coming here, and that she wanted to be returned to her mother, in China; and, further, that she had been taken by them to said mission from a brothel in Ross alley, in this city. Had there been no previous investigation and decision by an officer having full jurisdiction to hear and determine the right of the defendant to enter the United States, I should have no hesitation in finding that she was born in China, and a subject of the Chinese empire; for she arrived at said port from China, she speaks only the Chinese language, in dress, features, and general appearance she resembles Chinese females, and her own statements given in evidence are that she was born in China. Upon what evidence the collector decided that the defendant was entitled to enter the United States, and to remain therein, I am not advised; but I must assume, and I have no

doubt, that the evidence was ample to warrant his decision. Such decision having been duly made, the burden of proof is upon the government to clearly establish that it was obtained 'by means of false and fraudulent representations.' I find that the foregoing evidence is insufficient to sustain the allegations of such false and fraudulent representations, or to set aside, cancel, or annul the decision of the collector that she is entitled to land, and to be and remain in the United States. I do therefore recommend that judgment be entered therein that she be discharged."

No exceptions have been taken to the findings or recommendation of the special referee.

The general practice of the court, in proceedings like this, is to give judgment in favor of the defendant without further inquiry, when such judgment has been recommended by the referee, and no exceptions are taken to the particular findings of fact which justify such recommendation; but it is apparent from the report of the referee in the case now before the court that his recommendation that the defendant be discharged is based entirely upon what he considers the legal effect of the action of the collector of the port of San Francisco in permitting the defendant to land in this country upon her arrival from the Chinese empire. I am unable to concur in the conclusion of law thus reached by the referee. The action of the collector in permitting the defendant to land at the port of San Francisco does not have the same effect as the decision of an officer or special tribunal expressly empowered by law to hear evidence and pass upon questions specially referred to such officer or tribunal for final determination, such, for instance, as the decision of the officers of the land department in a contest between citizens, or between a citizen and the government arising under the pre-emption, homestead, or other laws providing for the sale and disposition of public lands. It is, of course, well settled that the decisions of the officers of the land department in such cases are binding upon the parties affected, and can only be set aside for fraud, imposition, or mistake of law. Johnson v. Towsley, 13 Wall. 72; Steel v. Smelting Co., 106 U. S. 447, 1 Sup. Ct. 389. The same rule applies to the action of a board or officer clothed by law with the duty of approving or rejecting claims against a county, town, or city. Thus, in Osterhoudt v. Rigney, 98 N. Y. 222, it is said:

"The acts of a board of audit, within its jurisdiction, in the absence of fraud or collusion, are final and conclusive, and cannot be questioned in a collateral proceeding. Whether the claim is a proper town or county charge, in a case where it is doubtful and rests upon disputed evidence, and what amount shall be allowed when not fixed by statute, are questions which the statute commits to the determination of the board of audit; and, however much it may err in judgment upon the facts, so long as it keeps within its jurisdiction, and acts in good faith, its audit cannot be overhauled, but is final, as well to the taxpayers as to the claimant."

But the action of a collector of customs in permitting a Chinese alien to land in this country is not in any sense judicial, and does not fall within the rule applicable to decisions of special tribunals of the character of those which have been referred to. The law does not give to such order or permission the effect of a judgment that such person is entitled to remain in the United States. The only effect of such permission is that the passenger claiming the right so to do is

allowed to land, and if subsequently such alien is arrested, and charged with being unlawfully within the United States, the order of the collector of customs, under which such person was permitted to land, is not even prima facie evidence of his right to remain in the United States, and the court, in such a proceeding, inquires into the truth of the matter, unembarrassed by such order of the collector. In re Li Foon, 80 Fed. 881. See, also, U. S. v. Jung Ah Lung, 124 U. S. 621, 8 Sup. Ct. 663; U. S. v. Chung Shee, 22 C. C. A. 639, 76 Fed. 951. In the present case the evidence clearly shows that the defendant has upon more than one occasion admitted that she was born in China, and her general appearance indicates that she is a Chinese person. It also appears that she first came to the United States on January 20, 1897, and is a laborer. No attempt has been made by the defendant to explain or deny that, upon the several occasions testified to by the witnesses, she made the statement that she was born in China; and there is nothing whatever in the evidence which tends in the least degree to discredit the truth of such admission, and it must therefore be accepted as true. Judgment will be entered for the deportation of the defendant in accordance with this opinion and the findings this day filed.