In re LEE YEE SING.

(District Court, D. Washington, W. D.    February 15, 1898.)

No. 188.

1. IMMIGRATION OF CHINESE—WHO ARE LABORERS.
   The wives and minor children of Chinese merchants lawfully domiciled in the United States are not laborers, and not within the intent of the exclusion acts, so as to prevent them from entering the country.

2. SAME—DECISION OF IMMIGRATION OFFICER.
   Under the provision of the appropriation act of August 18, 1894, declaring the decision of the appropriate immigration or customs officers, if adverse to the alien, final, unless reversed by the secretary of the treasury, prevents any review of such a decision on habeas corpus.

This was a petition by Lee Tow Doy for a writ of habeas corpus in behalf of Lee Yee Sing.

Frank Allyn, for petitioner.

Charles E. Claypool, Asst. U. S. Atty., for respondent.

HANFORD, District Judge.    The petitioner is a Chinese merchant, residing and carrying on the business of a merchant at Lewiston, Idaho.    By his petition he alleges that his son, 15 years of age, is unlawfully detained and imprisoned at Tacoma by the collector of customs.    By the return to the writ of habeas corpus, it is shown that the boy came to Tacoma from China, in which country he was born, and upon his arrival the collector, after examination, decided that he was a Chinese person not entitled to enter the United States, and said decision has not been reversed on appeal by the secretary of the treasury.

I adhere to the opinion rendered in the Case of Mrs. Gue Lim, 83 Fed. 136, that the wives and minor children of Chinese merchants lawfully domiciled and engaged in trade in the United States are not laborers, and not, within the intent of the acts of congress, excluded from entering and dwelling with their husbands and fathers within the United States.    If the question as to the right of the petitioner's son to enter the United States could lawfully be submitted to me for decision, I would admit him.    However, by a provision contained in the act making appropriations for sundry civil expenses of the government for the fiscal year ending June 30, 1895, and for other purposes, approved August 18, 1894 (2 Supp. Rev. St. p. 253), congress has enacted that:

"In every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final unless reversed on appeal to the secretary of the treasury."

In the case of Nishimura Ekiu v. U. S., 142 U. S. 651–664, 12 Sup. Ct. 336, the supreme court affirmed the validity of a similar act of congress, and gave it a broad construction.    The decision is directly to the point that power is vested in congress to forbid the entrance of foreigners within the dominions of the United States, or to admit them only in such cases and upon such conditions as it may see fit to prescribe; that the supervision of the admission of aliens into the United States may be intrusted by congress either to the department of state, having the general management of foreign relations, or to the department of the treasury, charged with the enforcement of laws relating to foreign commerce; that the decision of an inspector of immigration within the authority conferred upon him by the act of congress of March 3, 1891, that an alien immigrant shall not be permitted to enter the United States, because within one of the classes specified in that act, is final and conclusive against his right to come, except upon appeal to the commissioner of immigration and the secretary of the treasury; and that such adverse decision of an inspector of immigration cannot be reviewed by a court in

a proceeding upon a writ of habeas corpus. In the Case of Fong Yue Ting, 149 U. S. 698–763, 13 Sup. Ct. 1016, the supreme court reaffirmed the doctrine in the Nishimura Ekiu Case, and also held that the provisions of an act of congress, passed in the exercise of its constitutional authority, must, if clear and explicit, be upheld by the courts, even though it be in contravention of stipulations in an earlier treaty. In view of the statutes enacted by congress and the decisions of the supreme court, I consider that power to decide the question as to the right of any alien to enter the United States is conferred upon administrative officers, that an alien whose right to come in has been denied by an inspector of immigration or customs officer is not entitled to appeal to the courts from such adverse decision, and the courts have no lawful authority to review the decision in a proceeding upon a writ of habeas corpus or in any other way.

I have considered this case with reference to the right of the petitioner as a father, while lawfully residing in the United States, to have the custody and care of his minor son. It is my conclusion that the general rule that the legal domicile of a child is the same as that of his father is not applicable in this case, for the reason that the boy is an immigrant. On arrival at the boundary, he has met a barrier preventing his entering the United States, and that barrier is a legal barrier. The petitioner himself is an alien, whose rights in this country are limited by law, and subject to be abridged at any time by laws enacted by congress. The policy of our government in the matter of permitting aliens to live in this country, and in prescribing the conditions upon which they may enter, rests with congress; and the courts are not clothed with jurisdiction to grant relief from measures which may operate oppressively upon resident aliens, where the relief demanded involves the admission into the United States of another alien, in a manner contrary to a valid law enacted by congress. The petitioner's son is not being detained against his will, except that he is not permitted to enter the United States. He may go elsewhere. His right to enter having been passed upon by the only officer clothed with authority to decide the question, the petition must be denied.