### LAW SING v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1924.)

No. 2928.

1. **Aliens ⬤⟿32(8)—Permit to land has no probative value in deportation proceedings.**

   In proceedings for deportation of a Chinese alien, his permit to land has no probative value.

2. **Aliens ⬤⟿32(8)—In determining right of alien to remain, prior false claims may be considered.**

   Where a Chinese person for years falsely claimed birth in this country as the basis of his right to remain, such fact may be given weight in determining the truth of his present claim that he entered as the son of a Chinese merchant.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by Law Sing, impleaded as Ny Tong, for writ of habeas corpus. From an order denying the writ, he appeals. Affirmed.

Frank T. Milchrist, of Chicago, Ill., for appellant.

Edwin A. Olson and James A. O'Callaghan, both of Chicago, Ill., for the United States.

Before ALSCHULER and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. The District Court ordered the deportation of appellant, a Chinese. He testified he was born in China, and in 1907, at age of 19, came to the United States to his father, a merchant at San Jose, Cal., with whom he lived three years, living since in Chicago and other nearby cities. Upon his arrest he presented his affidavit, made some months after his alleged landing, stating that he was born in and had never departed from the United States; also supporting affidavits of two others to same effect. It appeared, also, that during the war he registered as a citizen by birth of this country. On the hearing he asserted the falsity of these allegations of his birth, and adhered to the claim that, when admitted, he was the minor son of a Chinese merchant here..

[1] There was introduced a record of the proceedings which led to his permit to land, which showed that Law Sing and a man whom he said was his father testified. The testimony as first given was, as to dates, such that this merchant could not have been the father, and the inspector, who examined the case, recommended against permitting the landing. Thereupon another inspector made further examination, and reported that, according to the applicant for landing, his birth took place in China 10 months and 19 days subsequent to the alleged father's arrival in the United States, and according to the father's testimony it took place one year later. The inspector reported that while, according to medical authorities, the possibility of the alleged paternity was under these facts remote, yet he would recommend that the applicant be landed, in view of the practice of the department to give the applicant the benefit of possible doubt. He was accordingly permitted to land. The permit to land, unlike a certificate issued under section 6 of the Chinese Exclusion Act,[1] carries no probative value. Mar Bing Guey v. United States (D. C.) 97 Fed. 576; United States v. Lau Sun Ho (D. C.) 85 Fed. 422.

[2] When the right of a Chinese to be in the United States is challenged, the question of his right to remain here is at issue. If, as here, he claims to have come here a minor son of a Chinese merchant, it must be determined from the evidence whether he was the minor son of a Chinese merchant, and as such came to the United States. These questions of fact were before the commissioner and the District Court, each having heard the evidence thereon. While it is undoubtedly true that for lying alone the Chinese cannot be deported, yet where, as here, for a series of years he falsely maintained his birth in this country as the basis of his right to remain, the trier of the facts may and should take this into consideration in determining whether or not it is true that he was a minor son of a Chinese merchant as now

[1] Comp. St. § 4293.

claimed, and indeed whether this person was in fact the same person referred to in the long prior landing proceedings.

There was evidence before the District Court under which it might conclude as it did, and, no error appearing, its judgment of affirmance of the United States commissioner's order of deportation is hereby affirmed.