## CRAEMER v. WASHINGTON STATE.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF WASHINGTON.

No. 466. Submitted October 12, 1897. — Decided October 25, 1897.

In the case of a petition for *habeas corpus* for relief from a detention under process alleged to be illegal, by reason of the invalidity of the process or proceedings under which the petitioner is held in custody, copies of

such process or proceedings must be annexed to, or the essential parts thereof set out in the petition, mere averments of conclusions of law being necessarily inadequate.

In this case, which was an indictment for murder, the verdict being "guilty as charged"; and judgment of condemnation to death thereon being affirmed by the Supreme Court of the State; and this court having determined, on a former petition by the petitioner, that it had no jurisdiction to review that judgment, *Craemer v. Washington State*, 164 U. S. 704; and the time appointed for execution having passed, pending all these proceedings, it was within the power of the state court to make a subsequent appointment of another day therefor, and to issue a death warrant accordingly, and a judgment to that effect involved no violation of the Constitution of the United States.

THIS was an appeal from a final order of the Circuit Court of the United States for the District of Washington refusing a writ of *habeas corpus* on the face of the petition therefor. The petition averred that Henry Craemer, the petitioner, was a citizen of the United States, residing in the county of King in the State of Washington; that he was unlawfully held in custody by the sheriff of that county, who was about to take his life, under certain alleged process and authority, "wholly without authority of law, without the jurisdiction of any court, contrary to the law, and contrary to the rights of your petitioner as a citizen of the United States under the Constitution of the United States."

"That on or about the 23d day of August, 1894, he was charged by the State of Washington by information of three separate crimes in one count, to wit, the crime of murder in the first degree, to which the penalty of death attached upon conviction; murder in the second degree, to which a penalty of not less than ten nor more than twenty years' imprisonment in the penitentiary attached, and the offence of manslaughter, to which not less than two nor more than ten years' imprisonment in the penitentiary attached.

"That your petitioner was tried upon the said information upon issue joined in the Superior Court of King County.

"That to said issue a jury trying your petitioner did return him guilty of no greater offence than the offence of murder in the second degree, and by legal construction granting inferences and all presumptions in favor of your petitioner as

accused, finding your petitioner guilty of no higher offence than that of manslaughter.

"That the said jury in nowise found your petitioner guilty of murder in the first degree, to which the sentence and penalty of death could be inflicted.

"That the said verdict was rendered about the 12th day of September, 1894.

"That your petitioner appealed from the decision finding your petitioner guilty of murder in the second degree or of manslaughter to the Supreme Court of the State of Washington upon errors assigned, and the said judgment was affirmed.

"And, further, upon the validity of the process under which your petitioner was charged, to wit, as to whether or not your petitioner could be tried upon an information for his life, your petitioner appealed to the Supreme Court of the United States upon that point and that point alone, and the said Supreme Court dismissed said appeal, returning the said cause and all process to the Supreme Court of the State of Washington, to be dealt with as in manner and form of the law was both just and proper."

That no death warrant had been issued while the cause was on appeal, and that there had been no opportunity or occasion to complain in the Supreme Court of the State, or in any other court, as to the right to issue such warrant; that the cause was tried before Judge Humes, one of the judges of the Superior Court of the county of King; "that after the said cause had been disposed of in the Supreme Court of the State of Washington, and the Supreme Court of the United States, and returned to the Superior Court of the State of Washington for the execution of such process as would be legal in the premises," Judge Humes had been succeeded by Judge Jacobs; that on February 6, 1897, the State of Washington moved that petitioner be brought up for judgment and other process against him and that Judge Jacobs issue a warrant of death, and that petitioner duly objected to Judge Jacobs' passing sentence of death upon him and issuing a death warrant to the sheriff, and insisted that the court was without

jurisdiction to make such an order, and that such order would be in denial of due process of law and in violation of Article VI and of Article XIV of the Federal Constitution; but, notwithstanding his objections, petitioner was ordered to be executed on April 23, 1897.

That under the laws of the State of Washington, there was no time allowed further to appeal from that order to the Supreme Court of the State; that the governor of the State respited petitioner and stayed the execution of the death sentence until July 23, 1897; "that the next term of the Supreme Court of the State of Washington is not until the month of October, 1897, in which there would be any authority on the part of the court by any proceedings to review the unauthorized act of the said Judge Jacobs and of his honor the judge of the Superior Court," and the only remedy left petitioner as a citizen of the United States was application to the Circuit Court.

Petitioner prayed for the writ of *habeas corpus* and for the writ of certiorari to the Superior Court of the county of King ordering the record of the cause to be certified to the Circuit Court "for information, particularly the alleged information, the verdict, the judgment and the death warrant made in the premises, and all other journal entries and orders in the cause."

The appeal came before this court on motions to dismiss or affirm.

*Mr. W. C. Jones* for the motion. *Mr. Patrick Henry Winston* and *Mr. James F. McElroy* were on his brief.

*Mr. James Hamilton Lewis* opposing. *Mr. Charles A. Riddle* and *Mr. John W. Pratt* were on his brief.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Under existing statutory provisions appeals may be taken to this court from final decisions of the Circuit Courts in

*habeas corpus*, in cases, among others, where the applicant for the writ is alleged to be restrained of his liberty in violation of the Constitution or of some law or treaty of the United States, and if the restraint is by any state court or by or under the authority of any State, further proceedings cannot be had against him pending the appeal. Rev. Stat. §§ 763, 764, 766; act of March 3, 1885, c. 353, 23 Stat. 437.

Such being the law, it has happened in numerous instances that applications for the writ have been made, and appeals taken from refusals to grant it, quite destitute of meritorious grounds, and operating only to delay the administration of justice.

From the petition in this case it appeared that petitioner was held by the sheriff of King County, Washington, to be executed in pursuance of a judgment and sentence of death rendered by the Superior Court of that county, and warrant issued thereon; that that judgment had been affirmed by the Supreme Court of the State; and that this court had heretofore determined that it had no jurisdiction to interfere in revision of that judgment. See also *State* v. *Craemer*, 12 Washington, 217; *Craemer* v. *Washington*, 164 U. S. 704.

Nevertheless petitioner insisted that the judgment against him was void because in contravention of the Constitution of the United States, and that the judgment of this court in dismissing his writ of error was not to be regarded, as he had not in fact seen fit to raise in maintenance of that writ the particular point on which he now relied.

That point seems to be that the verdict returned against him on the information on which he was tried was either so uncertain that judgment could not be entered thereon, or amounted to no more than a verdict finding him guilty of murder in the second degree, or of manslaughter, in respect of either of which crimes the punishment of death was not denounced.

By section 754 of the Revised Statutes it is provided that the complaint in *habeas corpus* shall set forth "the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known." The general rule is undoubted that if the deten-

tion is claimed to be unlawful by reason of the invalidity of the process or proceedings under which the party is held in custody, copies of such process or proceedings must be annexed to or the essential parts thereof set out in the petition, and mere averments of conclusions of law are necessarily inadequate. *Whitten* v. *Tomlinson*, 160 U. S. 231; *Kohl* v. *Lehlback*, 160 U. S. 293; Church on Habeas Corpus, 2d ed. § 91, and cases cited.

Copies of the information, the verdict, and the judgment thereon were not attached to this petition, nor the essential parts thereof stated, nor any cause assigned for such omission. In that regard the petition was wholly insufficient.

But reference was made to the record of the case in the Superior Court of King County, in the Supreme Court of the State, and in this court. The record here, to which we may properly refer, *Butler* v. *Eaton*, 141 U. S. 240, shows that the information charged Craemer with the crime of murder in the first degree; that the jury "found him guilty as charged;" that he was adjudged guilty of the crime of murder in the first degree, and sentenced to death; that the judgment was affirmed; and that the writ of error to the state court was dismissed.

If the point now suggested was not in fact specifically raised in the Supreme Court of the State on appeal, or in this court on writ of error, it must not be assumed that any point on which the jurisdiction might have been sustained was overlooked.

Moreover, the settled law of the State was adverse to petitioner's contention as urged before the Circuit Court, and no ground existed which could justify that court in refusing to accept it.

The statutes of Washington define murder in the first degree and prescribe the punishment of death upon conviction; the crime of murder in the second degree, and punishment by imprisonment in the penitentiary for a term not less than ten nor more than twenty years; and the crime of manslaughter, and punishment by like imprisonment not less than one year nor more than twenty years, and a fine in any sum not ex-

ceeding five thousand dollars. 2 Hill's Codes, 642, 644, 646; Wash. Penal Code, §§ 1, 3, 7 and 11. On an indictment or information charging an offence consisting of different degrees a jury may find the defendant not guilty of the degree charged, but guilty of any degree inferior thereto, and in all other cases defendant may be found guilty of an offence, the commission of which is necessarily included within that with which he is charged. The form of the verdict is also prescribed as follows: "We, the jury, in the case of the State of Washington, plaintiff, against ——, defendant, find the defendant (guilty or not guilty, as the case may be)." 2 Hill's Codes, 509; Penal Code, §§ 1319, 1320 and 1325; Laws Wash. 1891, 60, c. 28, §§ 75, 76. The Code of the Territory was to the same effect. §§ 786, 790, 793, 798, 1097, 1098 and 1103.

In *Timmerman* v. *Washington Territory*, 3 Wash. Ter. 445, the defendant was indicted for the crime of murder in the first degree, and the jury returned a verdict in the statutory form. It was argued, on error, that the verdict was defective in that the defendant might have been found guilty of murder in the first or second degree, or of manslaughter, and that, therefore, the verdict was uncertain and sentence could not be pronounced upon him; but the Supreme Court of the Territory held upon consideration of sections 1097, 1098 and 1103 of the Code, which are sections 1319, 1320 and 1325, as numbered in Hill's Codes of the State, that if the jury found the defendant guilty of an offence of an inferior degree to that charged, the verdict must specify it, but if the verdict was intended to be guilty of the degree charged, there would be no necessity for so specifying it, and that the jury having used the statutory form there was no uncertainty as to the fact thus found; and that the objection was untenable.

In this case the verdict was "guilty as charged," and judgment of condemnation to death thereon was affirmed by the Supreme Court of the State as has been said. 12 Washington, 217. The time appointed for execution having passed, the subsequent appointment of another day and the issue of the death warrant were in accordance with statute. Hill's Codes, §§ 1351, 1354.

Apart then from the insufficiency of the petition and the legal effect of the previous judgment of this court, the final order of the Circuit Court must be held to have been properly entered, in that the rendition of the judgment complained of involved no violation of the Constitution of the United States.

*Affirmed.*