### Ex parte STANCAMPIANO.

(Circuit Court, S. D. New York. April 24, 1908.)

ALIENS—PROCEEDINGS FOR DEPORTATION—SECOND ARREST ON SAME CHARGE.
    The decision of the Secretary of Commerce and Labor, finding that an immigrant arrested for deportation under Immigration Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (U. S. Comp. St. Supp. 1907, p. 402), is not subject to deportation, does not render that question res judicata, nor prevent a second arrest of the alien to try the same question again.

Application for Writ of Habeas Corpus.

Giuseppe L. Maggio, for petitioner.
Henry L. Stimson, U. S. Dist. Atty.

WARD, Circuit Judge. This is an application for the discharge under a writ of habeas corpus of Giuseppe Stancampiano, an alien who entered this country March 22, 1906, and is now detained under a warrant of the Assistant Secretary of Commerce and Labor, dated March 16, 1908, pursuant to Act Feb. 20, 1907, c. 1134, § 21, 34 Stat. 905 (U. S. Comp. St. Supp. 1901, p. 402), upon a charge of having been convicted of a felony or other crime or misdemeanor involving moral turpitude prior to entry. The objection is that the alien was arrested under a similar warrant in December, 1907, upon the same charge, and after a hearing before the board of special inquiry was discharged from custody by the Secretary of Commerce and Labor on the ground that he was not the person described in the Italian certificate of conviction.

The immigration authorities are clothed with executive, and not with judicial, duties. The finding of the Secretary of Commerce and Labor is not a technical res adjudicata, and there is nothing in section 21 to prevent him from arresting an alien a second time to try the same question again, if he is satisfied that the alien has entered the United States in violation of the act. This is no violation of the alien's rights, because he was admitted into the United States subject to the condition that he might be deported within three years thereafter, if he entered in violation of the act. The questions involved are questions of fact, upon which the determination of the executive officers of the United States is final. Pearson v. Williams, 202 U. S. 281, 26 Sup. Ct 608, 50 L. Ed. 1029.

The writ is discharged, and the alien remanded to the custody of the Commissioner of Immigration.