HAW MOY v. NORTH, Com'r of Immigration, et al.

(Circuit Court of Appeals, Ninth Circuit. November 21, 1910.)

No. 1,756.

**1. ALIENS (§ 32\*)—CHINESE—DEPORTATION PROCEEDINGS—HABEAS CORPUS.**

Where a Chinese person, defendant in a deportation proceeding, alleges citizenship, a determination of such question by the Secretary of Commerce and Labor is conclusive, subject only to the jurisdiction of the federal courts to review on habeas corpus whether the person had been accorded a proper hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.\*]

**2. ALIENS (§ 18\*)—REGULATION—CONGRESSIONAL POWER.**

Congress has power to legislate with reference to undesirable aliens desiring to enter the United States, and also with reference to the deportation of undesirable aliens already within the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 70–72; Dec. Dig. § 18.\*]

**3. ALIENS (§ 32\*)—DEPORTATION—PROCEEDINGS—REVIEW—HABEAS CORPUS.**

Immigration Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450), forbids the bringing into the United States for prostitution, or any other immoral purpose, of any alien woman or girl. Sections 19, 20, and 21 provide for the deportation of aliens found in the United States in violation of law, and section 25 declares that where an alien is excluded under any law or treaty now existing, or hereafter made, the decision of the immigration officials, if adverse to such alien, shall be final unless reversed on appeal to the Secretary of Commerce and Labor. *Held*, that the rule that the Secretary's decision is reviewable on habeas corpus only to determine whether the alien had a proper hearing, was applicable to an alien, or person claiming to be a citizen, who had been admitted into the United States from China, and whom the immigration authorities were seeking to deport because they had since determined that such person was unlawfully within the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.\*]

**4. ALIENS (§ 32\*)—DEPORTATION—DECISION OF IMMIGRATION OFFICERS—CONCLUSIVENESS.**

Under Immigration Act Feb. 20, 1907, c. 1134, § 25, 34 Stat. 906 (U. S. Comp. St. Supp. 1909, p. 462), providing that the decision of immigration officers, excluding an alien from admission into the United States, is final only when the decision is adverse to the right of the alien to such admission, a decision of such officers that a Chinese person applying to enter was entitled to enter as a native-born citizen was not conclusive in her favor for three years thereafter.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.\*]

**5. HABEAS CORPUS (§ 55\*)—PROCEEDINGS—PETITION—REQUISITES.**

A petition for habeas corpus to inquire into the validity of the detention of a Chinese person in deportation proceedings was insufficient to require a review of the fairness and good faith of the immigration officers, where copies of the warrant of arrest and proceedings were not annexed to the petition and were not substantially stated therein, and no cause was assigned for their omission.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 52; Dec. Dig. § 55.\*]

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Northern District of California.

Habeas corpus on petition of Haw Moy to obtain his release from the custody of Hart H. North, Commissioner of Immigration at the Port of San Francisco. From a judgment denying the application and dismissing the petition, petitioner appeals. Affirmed.

Catlin & Catlin, Hiram W. Johnson, and O. P. Stidger, for appellant.

Robert T. Devlin, U. S. Atty., and Benjamin L. McKinley, Asst. U. S. Atty., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an appeal from an order of the United States Circuit Court for the Northern District of California denying an application for a writ of habeas corpus on behalf of the appellant, and dismissing the petition praying for the same. The petitioner is one Kar Dip, who alleges that he is a friend of Haw Moy; that Haw Moy is a native-born citizen of the United States; that on or about the 1st day of October, 1908, she returned to the United States from a temporary visit to the Empire of China, and applied to the Commissioner of Immigration at the Port of San Francisco for permission to enter the United States upon the ground that she was a native-born citizen; that she submitted the evidence and proof in support of her application, and after investigation and hearing, as required by law and the rules and regulations of the Department of Commerce and Labor, she was allowed to enter the United States; that afterwards, and at the date of her petition for a writ of habeas corpus, she was being held in custody under a warrant of deportation issued on or about the 2d day of August, 1909, by the Secretary of Commerce and Labor under the provisions of the Immigration Act of February 20, 1907 (Act Feb. 20, 1907, c. 1134, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 447]); that as a native-born citizen she was not subject to the provisions of said act, and was not subject to the jurisdiction of the Secretary of the Department of Commerce and Labor, or the jurisdiction of the Commissioner of Immigration of the Port of San Francisco.

The court denied the petition for the writ on the authority of the United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369. In those cases the question was whether the petitioners had the right to land and come into the United States. The Supreme Court held that a Chinese person seeking to enter the United States and alleging citizenship, presented a question to be determined by the Secretary of Commerce and Labor upon a proper hearing; that upon such a hearing his decision was final and conclusive, subject only to the jurisdiction of the federal courts to determine on habeas corpus whether such person had been denied a proper hearing. If it was found that a proper hearing had been had, the writ should be dismissed. If a proper hearing had not been had, then the court should hear the case upon the merits.

It is contended on behalf of the petitioner in this case that this law is not applicable to an alien or person claiming to be a citizen who has been admitted into the United States from a foreign country, and whom the immigration authorities are seeking to deport because they have since determined that such person is unlawfully in the United States. The general object of the immigration statutes is not only to prevent the admission of undesirable and forbidden classes of aliens, but to remove from this country all such aliens who may have succeeded in effecting an entry. That Congress has power to legislate as to both classes of aliens has been settled by many decisions of the courts and is not now open to investigation. Each class is equally undesirable, and each is equally inimical to the best interests of the country at large. In the Immigration Act of February 20, 1907 (34 Stat. 898), which is the latest expression of the legislative will upon the subject, Congress has provided, in section 2, that certain classes of aliens therein enumerated shall be excluded from admission to the United States. Section 3 forbids the importation to the United States for the purpose of prostitution, or for any other immoral purpose, of any alien woman or girl. Sections 19, 20, and 21 provide for the deportation of aliens found in the United States in violation of law. Section 25 provides, among other things:

"That in every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration officers, if adverse to the admission of such alien, shall be final unless reversed on appeal to the Secretary of Commerce and Labor."

It will be seen from this legislation that Congress intended to exercise its admitted jurisdiction not only in excluding defective and undesirable aliens who might be seeking entry into this country, but also to deport those who, having entered, were found to be unlawfully here. The immigration acts commit to the officers of immigration the duty of enforcing the provisions of this law and the only appeal is through the Commissioner of Immigration at the port of arrival and the Commissioner General of Immigration to the Secretary of Commerce and Labor. The act must be construed with reference to the objects which Congress had in view and the evils sought to be remedied. It is as important that a defective and undesirable alien who has entered the country should be deported, as it is that one who seeks entrance should be excluded; and, if Congress had intended that the courts should have jurisdiction in the first case and not in the second, the language of the act would have indicated such intention. We are of opinion that the act of February 20, 1907 (34 Stat. 898) is applicable to such a case as presented in this petition. Looe Shee v. North, 170 Fed. 566, 571, 95 C. C. A. 646.

It is further contended by the appellant that the officers of the Department of Commerce and Labor having investigated her alleged right to land and enter the United States as a citizen thereof, and having admitted her upon that claim, her alleged right has been adjudicated, her status has become fixed, and she cannot be arrested and again subjected to an investigation with respect to that question. The officers of the Department of Commerce and Labor had jurisdiction

to investigate the question of appellant's citizenship. United States
v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, and Chin
Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.
Section 25 of the Immigration Act of February 20, 1907, provides
that the decision of the immigration officers in excluding an alien from
admission into the United States is final only when the decision is
adverse to the right of an alien to such admission. Under that sec-
tion the decision was not final, as it is alleged to have been in her
favor, but was conditional for the period of three years provided in
the statute. Looe Shee v. North, 170 Fed. 566, 571, 95 C. C. A. 646.

The remaining questions relating to the alleged lack of fairness and
good faith on the part of the officers in re-examining the question of
the appellant's right to be and remain in the United States cannot be
inquired into upon this appeal; the petition for the writ of habeas
corpus being insufficient for that purpose. Copies of the warrant of
arrest and proceedings under which the appellant is held are not at-
tached or annexed to the petition, nor is the essential part stated, nor
is there any cause assigned for any such omission. In this regard
the petition is insufficient to enable the court to consider the objection
to the proceedings. The general rule is undoubted that, if the de-
tention is claimed to be unlawful by reason of the invalidity of the
process or proceedings under which the parties held in custody, copies
of such process or proceedings must be annexed to or the essential parts
thereof set out in the petition, and mere averments of conclusions of
law are necessarily inadequate. Craemer v. Washington State, 168 U.
S. 124, 128, 18 Sup. Ct. 1, 42 L. Ed. 407; Terlinden v. Ames, 184
U. S. 270, 279, 22 Sup. Ct. 484, 46 L. Ed. 534; Hyde v. Shine, 199
U. S. 62, 85, 25 Sup. Ct. 760, 50 L. Ed. 90.

The judgment of the Circuit Court is affirmed.