### Ex parte CHIN OWN et al.

(District Court, W. D. Washington, N. D. February 2, 1917.)

No. 3513.

1. CONSTITUTIONAL LAW $\Longleftrightarrow$318—ADMISSION OF IMMIGRANTS—DUE PROCESS OF LAW.

Due process of law does not necessarily require a judicial trial. Therefore, Congress may intrust decision of an immigrant's right to enter to an executive officer, though denial of admission may deprive him of his liberty; the matter being purely one of legislative cognizance.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 949; Dec. Dig. $\Longleftrightarrow$318.]

2. ALIENS $\Longleftrightarrow$32(13)—RIGHT TO ENTER—DECISIONS OF COLLECTOR OF CUSTOMS —CONCLUSION OF ADJUDICATION.

Under Act Feb. 20, 1907, c. 1134, § 25, 34 Stat. 906 (Comp. St. 1913, § 4274), declaring that in every case where an alien is excluded from the United States the decision of the appropriate immigration officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of Labor, which section was a continuation of earlier similar enactments, a decision of the collector of customs, admitting a Chinese person to the United States as a native-born citizen, is not a conclusive adjudication, preventing subsequent deportation proceedings.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. $\Longleftrightarrow$ 32(13).]

In the matter of the application of Chin Own, father, and Chin Gow, son, for a writ of habeas corpus. Writ discharged.

Beeler & Sullivan, of Seattle, Wash., for petitioners.

Clay Allen, U. S. Atty., of Seattle, Wash., and George P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash., opposed.

NETERER, District Judge. The petitioners, Chin Own and Chin Gow, are held by the Commissioner of Immigration under an order of deportation issued by the Secretary of Labor, and present a petition for a writ of habeas corpus—Chin Own alleging that he is a native-born citizen of the United States, returning after a temporary absence in China, and that Chin Gow is his son, born in China, and is coming

to this country with the father, and that they are denied permission to enter; that they are deprived of their liberty without due process of law, and were denied a fair hearing by the Commissioner of Immigration; that he was born in San Francisco, Cal., in 1876; that he removed to Seattle with his parents when five years of age, where he resided until 1891, when they removed to Boston, Mass.; that in 1896 his parents went to China, and the petitioner returned to Seattle, where he resided until 1900, in which year he went to China on a visit, and, returning, entered the United States at Port Townsend, Wash., on the 29th of November, 1902, going to Boston after a short stay in Seattle, where he resided until 1907, when he went to China, and is now returning, claiming his right to enter with his minor son.

It is contended by the petitioner Chin Own, first, that, being a citizen of the United States, he is being deprived of his liberty without due process of law, and that Congress may not intrust the decision of his right to enter to an executive officer, but that he is accorded the right to have his status adjudicated by a court of competent jurisdiction; second, that he was not accorded a fair and impartial hearing; and, third, that the finding of the collector of customs in admitting him as a native-born citizen in 1902 is res adjudicata. The status of Chin Gow, the son, is determined by the status of the father.

[1] The first contention of the petitioners is disposed of by the Supreme Court in U. S. v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040, in which the court held that due process of law does not necessarily require a judicial trial, and that Congress may intrust the decision of an immigrant's right to enter to an executive officer, even though denial of admission may deprive him of his liberty. In this case the broad question was presented whether or not the decision of the Secretary of Commerce and Labor is conclusive, and the court held that Congress may exclude immigrants of a particular race, prescribe the terms and conditions upon which they may enter the country, establish regulations for sending them out, and commit the enforcement of such provisions, conditions, and regulations exclusively to executive officers, without judicial intervention, and that the decision of the department was final as to whether the immigrant belonged to the privileged class or not. On page 262, of 198 U. S., page 646 of 25 Sup. Ct. (49 L. Ed. 1040), Justice Holmes, speaking for a majority of the court, said:

"It is established, as we have said, that the act purports to make the decision of the department final, whatever the ground on which the right to enter the country is claimed—as well when it is citizenship as when it is domicile and the belonging to a class exempted from the exclusion act."

This court, in Ex parte Moola Singh, 207 Fed. 780, at page 782, said:

"The authority of the immigration officers and the jurisdiction of the courts depend upon power conferred by Congress. It is a matter of legislation. No discretion is vested in the courts. Congress has a right to legislate upon the subject, prescribe rules, fix limits, and confer authority where it deems wise, in legislating upon the subject at hand. The supreme authority is conferred upon the immigration officers. The jurisdiction of the court is limited to ascertaining whether the petitioners were denied a hearing."

Section 25 of the act of February 20, 1907 (34 Stat. pt. 1, p. 906), provides:

"* * * In every case where an alien is excluded from admission into the United States, under any law or treaty now existing or hereafter made, the decision of the appropriate immigration officers, *if adverse to the admission of such alien*, shall be final, unless reversed on appeal to the Secretary of * * * Labor. * * *" (Italics ours.)

The issue presented here has been before many other courts and has been passed upon in this circuit.

[2] Judge Wellborn, in U. S. v. Loo Way (D. C.) 68 Fed. 475, in disposing of the petitioner's right to enter, based upon residence in the United States from 1878 to 1892, returning to the United States in the latter year after a brief visit to China, and being then permitted to enter by the customs officials at San Francisco, and in 1893, being taken into custody, charged with being unlawfully within the United States, he contending that his entry was lawful, the right having been adjudicated by the collector of customs, at page 477, said:

"The books are full of cases in which the rights of Chinese persons to enter this country have been re-examined on habeas corpus, after denial of such rights by customs officials, and I have not been able to find an opinion by any court in which the authority for such re-examination is questioned."

The Circuit Court, Southern District of New York, in Re Li Foon, 80 Fed. 881, held that under Act Aug. 18, 1894, c. 301, 28 Stat. 390, the decision of the collector of customs in favor of the right of a Chinese alien to enter the country is not final, but is subject to re-examination by the court. At page 882 Judge Lacombe said:

"It is next contended that the decision of the deputy collector at Malone, N. Y. (acting as collector), permitting petitioner to enter the United States, * * * is a final adjudication upon petitioner's right to enter, and that, in view of such decision, the commissioner should have held that he was lawfully entitled to be and remain in the United States. * * * In Act Aug. 18, 1894, c. 301, 28 Stat. 390, Congress provided that 'in every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration or customs officers, if adverse to the admission of such alien, shall be final, unless reversed. * * *' This makes the decision a final adjudication only when adverse to admission. If the immigration or customs officer decides to allow the immigrant to enter, such decision has no more force as a controlling adjudication, when the question of right to be or remain in the United States comes before the court or commissioner, than it had under section 9 of the act of 1882, as amended in 1884, which was before the Supreme Court in U. S. v. Ah Lung [124 U. S. 621, 8 Sup. Ct. 663, 31 L. Ed. 591], supra."

Judge De Haven, in U. S. v. Lau Sun Ho (D. C.) 85 Fed. 422, held that the action of the immigration officers in permitting a Chinese alien to land in this country was not judicial, and the permission to enter has not the effect of a judgment entitling such person to remain in the United States, and at page 423 said:

"The order of the collector of customs, under which such person was permitted to land, is not even prima facie evidence of his right to remain in the United States, and the court, in such a proceeding, inquires into the truth of the matter, unembarrassed by such order of the collector."

Judge Maxey, in Mar Ging Guey v. U. S., 97 Fed. 576, at page 578, said:

" * * * The court will assume that, when the appellant was arrested for being unlawfully in the country, he was here by permission of the collector. But the action of the collector was not final. The court may still inquire whether the appellant was lawfully in the country, and, if unlawfully here, it is the duty of the court to deport him."

Mr. Justice Blatchford, for the court, in U. S. v. Jung Ah Lung, 124 U. S. 621, 8 Sup. Ct. 663, 31 L. Ed. 591, said:

" * * * The collector of customs of the district in which the vessel arrives shall proceed to examine such passengers. * * * But we regard this as only a provision for specifying the executive officer who is to perform the duties prescribed, and that no inference can be drawn from that or any other language in the acts that any judicial cognizance which would otherwise exist is intended to be interfered with."

The Supreme Court, in Li Sing v. U. S., 180 U. S. 486, at page 490, 21 Sup. Ct. 449, 451 (45 L. Ed. 634), said:

"But it is obvious, that it is only when the decision of the customs officer excludes an alien from admission that his decision is final. When his decision admits the alien, then the provisions of the act of July 5, 1884, are still applicable, which provide that, notwithstanding the contents of the certificate exhibited to the collector of customs, and their prima facie effect, 'said certificate may be controverted and the facts therein stated disproved by the United States authorities.' Accordingly, we agree with the courts below in holding that the judgment of the collector of customs at Malone did not conclude the commissioner, and that the latter had authority, under the statutes, to hear and determine the question whether Li Sing was entitled to remain within the limits of the United States."

In the Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721, the court held that it was clearly apparent that Congress did not intend that the admission of an alien or his entry into the country should place him at all times thereafter entirely beyond the control or authority of the executive officers of the government, and that the entry must be taken subject to the condition that he might be sent out of the country by order of the proper executive officer, if he was found to have been wrongfully admitted within a given period.

The Supreme Court, in Pearson v. Williams, U. S. Commissioner of Immigration, 202 U. S. 281, 26 Sup. Ct. 608, 50 L. Ed. 1029, held that the Secretary of Commerce and Labor had a right, under section 21 of the Act of March 3, 1903 (32 Stat. 1218, c. 1012), to order the deportation of an alien as having come to this country under a contract to perform labor, after a second hearing before a board of special inquiry, although there had previously been a special inquiry pursuant to section 25 of the act at the time of landing, before the same persons and upon the same issues. This section provides for the appointment of an examining board, to determine whether an alien shall be allowed to land or be deported, and provides that "the decision of any two members of a board shall prevail and be final," subject to appeal to the Secretary of Commerce and Labor, whose decision shall be final. The court, at pages 284, 285 of 202 U. S., page 610 of 26 Sup. Ct. (50 L. Ed. 1029), said:

"* * * The board is an instrument of the executive power, not a court. It is made up, as we have mentioned, of the immigrant officials in the service, subordinates of the Commissioner of Immigration, whose duties are declared to be administrative by section 23. Decisions of a similar type long have been recognized as decisions of the executive department, and cannot constitute res judicata in a technical sense. * * *"

The Circuit Court, Southern District of New York, in Ex parte Stancampiano (C. C.) 161 Fed. 164, held that a finding that an immigrant arrested for deportation under Immigration Act Feb. 20, 1907, 34 Stat. 905, is not subject to deportation, does not render that question res judicata. Judge Ward, at page 165, said:

"The immigration authorities are clothed with executive, and not with judicial, duties. The finding of the Secretary of Commerce and Labor is not a technical res adjudicata. * * *"

Judge Morrow, for the Circuit Court of Appeals, in Haw Moy v. North, 183 Fed. 89, 91, 105 C. C. A. 381, 383, speaking of the act of February 20, 1907, said:

"It is further contended by the appellant that the officers of the Department of Commerce and Labor having investigated her alleged right to land and enter the United States as a citizen thereof, and having admitted her upon that claim, her alleged right has been adjudicated, her status has become fixed, and she cannot be arrested and again subjected to an investigation with respect to that question. The officers of the Department of Commerce and Labor had jurisdiction to investigate the question of appellant's citizenship. * * * Section 25 of the Immigration Act of February 20, 1907, provides that the decision of the immigration officers in excluding an alien from admission into the United States is final only when the decision is adverse to the right of an alien to such admission. Under that section the decision was not final, as it is alleged to have been in her favor, but was conditional for the period of three years provided in the statute."

And Judge Gilbert, for the same court, in Lew Quen Wo v. United States, 184 Fed. 685, at page 688, 106 C. C. A. 639, 642, said:

"It is urged that the order of the Commissioner of Immigration admitting the appellant into the United States estops the government to deny the legality of his entry, and constitutes a bar to this proceeding, and reference is made to the language of the opinion in Chin Yow v. United States, 208 U. S. 8 [28 Sup. Ct. 201, 52 L. Ed. 369], in which the court sustained the finality of the decision of the immigration officers upon a hearing concerning the right of a Chinese to land in the United States, and said that thereafter the merits of the case were not open. But that case, and other decisions of the Supreme Court, go no further than to hold that the right of a Chinese applying for admission into the United States is determinable by the proper immigration authorities, and that their decision, when adverse to the applicant, and the hearing has been properly had, and the applicant's remedy has been exhausted upon an appeal to the Secretary of Commerce and Labor, is final, and there is no right of recourse to the courts. * * * There is no statutory provision that the decision, if favorable to the applicant for admission, shall be final. The decisions have been to the contrary. * * *"

In Sire v. Berkshire et al. (D. C.) 185 Fed. 967, it was held that the duties of immigration officers are administrative, and that their decisions are those of the executive department of the government, and the order admitting an alien cannot operate as res judicata in subsequent proceedings.

In Lim Jew v. U. S., 196 Fed. 736, 744, 745, 116 C. C. A. 364, 372, the Circuit Court of Appeals of this Circuit said:

"The action of the Commissioner of. Immigration in ordering the defendant admitted into the United States was not res judicata as against any further action of the board of immigration looking to a deportation of the defendant, as being unlawfully within the country.  *  *  *  As was said in Li Sing v. United States, supra, 180 U. S. 486 [21 Sup. Ct. 449, 45 L. Ed. 634], under a statute identical in effect with the present act, the court conceding the conclusive effect of the findings and judgment of executive officers of the government when made so by statute, as had been previously determined: 'It is only when the decision of the customs officer excludes an alien from admission that his decision is final.'"

None of the petitioners' contentions have any basis in fact, nor support in law. The provisions of section 25 of the act of February 20, 1907, in issue here, have been brought forward from the earlier enactments upon the same subject, and have uniformly inspired a harmonious construction on the part of the courts, and all against the contention made in the petitioners' behalf. The record in this case is conclusive of the fact that an eminently fair hearing was accorded to the petitioners, and every opportunity was afforded to establish citizenship.

The writ is discharged, and the petitioners remanded to the Commissioner of Immigration.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes