**HEE FUK YUEN et al. v. WHITE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit. May 16, 1921.)

No. 3652.

1. Aliens ⊙⟶28—Return certificates to Chinese merchants are not conclusive adjudication of right to return.

   Readmission certificates, issued to Chinese merchants on their leaving the country temporarily, are for the purpose of avoiding detention and to facilitate readmission of those who are entitled to return, but have no binding effect as adjudications of the right to return, either under the Chinese Exclusion Laws or under Immigration Act Feb. 5, 1917.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Aliens ⬅27—Domiciled Chinese merchant has no status entitling him to return after an absence.**

The fact that a Chinese merchant has acquired a lawful domicile in the United States does not give him a status which entitles him as a matter of right to return after a temporary absence from this country, or which bars his deportation under Immigration Act Feb. 5, 1917.

**3. Aliens ⬅23(1)—Immigration Act applies to Chinese persons.**

Immigration Act Feb. 5, 1917, prescribing conditions for the entry of aliens into the United States, is applicable to Chinese aliens entitled to enter under the Chinese Exclusion Laws.

**4. Aliens ⬅27, 40—Rule limiting temporary absence to six months is not unreasonable.**

Department of Labor rule 16, which provides that an absence not exceeding six months shall be deemed a temporary absence, within the meaning of Immigration Act Feb. 5, 1917, § 3, proviso 7 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), permitting aliens returning after a temporary absence to be admitted in the discretion of the Secretary of Labor, is not unreasonable or unfair, and its application to the hearing of a Chinese merchant seeking to return after an absence of more than six months does not make such hearing unfair.

**5. Aliens ⬅32(9)—Examination by only one physician does not make proceedings unfair, where his finding was not questioned.**

Proceedings for the deportation of returning Chinese merchants are not unfair, because the medical examinations were conducted by only one physician, instead of two, as required by Immigration Act Feb. 5, 1917, § 16 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i), where there was no showing that the rights of the aliens had been in any way prejudiced thereby, and no attempt was made to dispute the medical examiner's finding that the aliens were afflicted with a disease which had been classified as contagious.

**6. Aliens ⬅32(9)—Decision by Surgeon General that disease is dangerous and contagious is conclusive.**

Under Immigration Act Feb. 5, 1917, § 3 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b), excluding aliens afflicted with contagious diseases, and providing that the decision of the board of special inquiry adverse to the admission of the alien shall be final, the classification by the Surgeon General, in pursuance of the authority conferred upon him by section 16 of the act (section 4289¼i), of clonorchiasis as a dangerous contagious disease, is conclusive.

**7. Aliens ⬅32(9)—Failure to examine first-class passenger does not make medical examination of second-class passenger unfair.**

Since the immigration officers presumably performed only their duty in subjecting second-class Oriental passengers to a medical examination, the failure to subject first-class passengers on the same vessel to a similar examination does not make the proceedings against the second-class passengers unfair, or deny them the equal privileges to which they were entitled under Treaty with China Nov. 17, 1880, art. 2, especially where the disease with which such passengers were afflicted was one most likely to be found among Orientals.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Habeas corpus proceedings by Hee Fuk Yuen and Pang Hing against Edward White, as Commissioner of Immigration for the Port of San Francisco. From judgments sustaining demurrers to the petitions, and denying the writs, petitioners appeal. Affirmed.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Geo. A. McGowan, of San Francisco, Cal., for appellants.

Frank M. Silva, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. Two appeals of Chinese merchants are here presented. Hee Fuk Yuen, a domiciled Chinese merchant, was granted a merchant's return certificate prior to his departure on August 1, 1916, from San Francisco to China. He returned to the United States September 28, 1918, when he was certified by the medical examiner of aliens at San Francisco to be afflicted with clonorchiasis, a dangerous contagious disease, and was deported to China. He again returned to the United States on November 30, 1919, was again certified by the medical examiner of aliens to be afflicted with clonorchiasis, and was denied admission by the board of special inquiry. On December 29, 1919, the records in his case were forwarded to the Secretary of Labor for his consideration and the exercise of the discretion vested in him under the seventh proviso of section 3 of the Immigration Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼b). The matter of the advisability from a medical standpoint of admitting the appellant was submitted to the Surgeon General of the Public Health Service, at Washington. He submitted the matter to the medical officer at Angel Island, who, in his report, advised against the admission of the alien. That report was concurred in by the Surgeon General.

Pang Hing, a domiciled Chinese merchant, was granted a merchant's return certificate when he departed for China February 12, 1917. He returned to the United States September 4, 1918, and was certified by the medical examiner of aliens at San Francisco to be afflicted with clonorchiasis, a dangerous contagious disease, was denied admission by the board of special inquiry, and was deported to China. He again returned to the United States on March 2, 1920, was again certified by the medical examiner to be afflicted with clonorchiasis, and was again denied admission and ordered to be deported by a board of special inquiry. His request that the entire record be forwarded to the Secretary of Labor for consideration was denied.

Both of these applicants for admission applied for writs of habeas corpus in the court below. Demurrers to the petitions were sustained, and the writs were denied. The appeals present two principal questions: First, whether the appellants, who were formerly domiciled in the United States as Chinese merchants, are subject to the excluding provisions of the Immigration Act of February 5, 1917; second, whether the hearings which resulted in their exclusion by the immigration officers were fair.

[1] It is contended that the merchant's return certificates which the appellants presented at the time when they sought readmission to the United States were conclusive findings establishing their right to readmission, whether their rights were determinable under the Chinese

Exclusion Laws, or under the Immigration Act of February 5, 1917. The purpose of readmission certificates is to avoid detention and to facilitate the readmission of Chinese aliens who are entitled to return to the United States under the Chinese Exclusion Laws. They have no binding effect as adjudications of the right to return. Ex parte Stancampiano (C. C.) 161 Fed. 164; Lew Quen Wo v. United States, 184 Fed. 685, 106 C. C. A. 639; Ex parte Wong Yee Toon (D. C.) 227 Fed. 247; Ex parte Chin Own (D. C.) 239 Fed. 391.

[2] Nor is the contention sustainable that a Chinese merchant once lawfully domiciled in the United States acquires thereby a status which entitles him to readmission. In Lem Moon Sing v. United States, 158 U. S. 538, 547, 15 Sup. Ct. 967, 971 (39 L. Ed. 1082), the court said:

"He is none the less an alien because of his having a commercial domicil in this country. * * * His personal rights when he is in this country, and such of his property as is here during his absence, are as fully protected by the supreme law of the land as if he were a native or naturalized citizen of the United States. But when he has voluntarily gone from the country, and is beyond its jurisdiction, being an alien, he cannot re-enter the United States in violation of the will of the government as expressed in enactments of the law-making power."

[3] Nor is such status as a former domiciled merchant a bar to deportation under the act of 1917. In Lapina v. Williams, 232 U. S. 78, 34 Sup. Ct. 196, 58 L. Ed. 515, it was held that the provisions of the Immigration Act of 1907, respecting admission and deportation, apply to an alien who, having remained in this country for more than three years after his entry, and having gone abroad for a temporary purpose with the intention of returning, again seeks admittance to the United States. That the Act of February 5, 1917, is applicable to the situation of Chinese aliens presented by the present cases is decided by this court in Ng Fung Ho v. White (C. C. A.) 266 Fed. 765, and it is unnecessary to add to the discussion there contained.

[4] It is contended that the hearings were unfair. Reference is made to the seventh proviso of section 3 of the Act of 1917, which provides that aliens returning after a temporary absence to an unrelinquished United States domicile of seven consecutive years may be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe; and it is contended that the hearing in Pang Hing's Case was unfair in that submission to the Secretary of Labor of his application for admission was denied. It was denied because of rule 16 of the Department which provides that an absence not exceeding six months shall be deemed a temporary absence within the meaning of the law. In these cases the absences were for a much longer period than six months, and we find no ground for holding that rule 16 is unreasonable, or that the hearings were unfair for the reason that it was applied to the case of one of appellants.

[5] It is contended further that the hearing was unfair, for the reason that the appellants were not examined by two physicians

under section 16 of the act of 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i), which provides that—

"All aliens arriving at ports of the United States shall be examined by not less than two such medical officers at the discretion of the Secretary of Labor, and under such administrative regulations as he may prescribe and under medical regulations prepared by the Surgeon General of the United States Public Health Service."

On August 1, 1917, in pursuance of that regulation, the Surgeon General issued regulations for the guidance of medical officers of the Public Health Service, one of which was that the medical examination may be made by one medical officer. Whether that rule was an abuse of the discretion vested in the Secretary under section 16, or that the observance thereof rendered the hearings unfair, we need not determine, for there is no showing that the rights of the appellants have been in any way prejudiced by the fact that they were examined by one medical officer instead of by two, nor is mention made of the fact in the petitions for habeas corpus, and there is no attempt to dispute the truth of the medical officer's findings that each of the appellants was afflicted with clonorchiasis.

[6] The petitions attempt to put in issue the character of clonorchiasis, and they allege that it is not a dangerous contagious disease. With that issue the courts have nothing to do. Section 3 of the Act of February 5, 1917, excludes from admission into the United States persons afflicted with tuberculosis, or with a loathsome or contagious disease, and the statute provides that the decision of the board of special inquiry adverse to the admission of the alien shall be final, where it is based upon a medical certificate showing that the alien is afflicted with a dangerous contagious disease. The Surgeon General, in pursuance of the authority conferred upon him by section 16 of the act, has classified clonorchiasis as a dangerous contagious disease.

[7] It is alleged in the petitions that by the action of the immigration officials at San Francisco the appellants have been denied their rights under article 2 of the Treaty with China of November 17, 1880 (22 Stat. 826), which guarantees to Chinese subjects the rights, privileges, immunities and exemptions which are accorded to the citizens and subjects of the most favored nation. They allege that on their return to the United States by steamer discrimination was made between the petitioners and the first cabin passengers, in that the former were compelled to go to the Angel Island Immigration Station, and to the Immigration Hospital for the purpose of having particular examination made of their physical condition, and that this test was imposed upon them simply and solely because they were Chinese aliens, whereas first cabin passengers were submitted to no such test. To this it is to be said that, if special examination was made of second-class Oriental passengers only, it should be assumed that it was done for the reason that the disease of clonorchiasis was most likely to be found among such passengers, the source of the disease being supposed to be a diet of raw fish, and it should be assumed that in failing to subject first-class passengers to like test there was no discrimination

against Chinese persons, or withholding of their rights. The officers presumably did their duty in subjecting the petitioners to the test. If they failed to do their duty as to other passengers, it is not a ground for disturbing the conclusions of the board of special inquiry as to the appellants.

The judgments are affirmed.