## Ex parte TOM WOO CHUN.

District Court, N. D. California, S. D.
December 11, 1928.

No. 19878K.

Geo. A. McGowan, of San Francisco, Cal., for petitioner.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., for respondent.

KERRIGAN, District Judge. A petition for a writ of habeas corpus has been filed in this court on behalf of Tom Woo Chun, now detained by the immigration authorities, and to be deported on December 14, 1928. The order to show cause will not be issued thereon, for failure to comply with the order of this court made November 28, 1928, with relation to the form of petitions for writs of habeas corpus.[1] The denial of the order to

[1] In the Southern Division of the United States District Court for the Northern District of California.

Order.

The Form of Petitions for Writs of Habeas Corpus (Particularly in Alien Exclusion and Deportation Cases).

For a considerable period of time prior to October 15, 1928, records of hearings in exclusion and deportation cases by the Immigration Service of the Department of Labor were not available to attorneys of record desiring to prepare petitions for writs of habeas corpus, and very considerable latitude has been allowed to such attorneys in preparing such petitions. In many cases orders to show cause have been granted where, upon analysis, the petitions consisted very largely of legal conclusions. Upon the return to the order to show cause, it has been customary for respondent to produce the records in the case, which were then stipulated to be part of the petition.

On October 15, 1928, as shown by a letter addressed by the Acting Commissioner of Immigration for this district to those attorneys known to him as frequently acting as attorneys in exclusion and deportation cases, copies of the records of hearings in such cases were made available to attorneys of record.

In Craemer v. Washington, 168 U. S. 124, 128,

show cause is without prejudice to a renewed application upon amendment of the petition to conform to the order, in accordance with the views expressed herein, if counsel is so advised.

The petition fails to set forth the por-

18 S. Ct. 1, 2 (42 L. Ed. 407), the Supreme Court said:

"By section 754 of the Revised Statutes [28 USCA § 454] it is provided that the complaint in habeas corpus shall set forth 'the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known.' The general rule is undoubted that if the detention is claimed to be unlawful by reason of the invalidity of the process or proceedings under which the party is held in custody, copies of such process or proceedings must be annexed to or the essential parts thereof set out in the petition, and mere averments of conclusions of law are necessarily inadequate."

This rule was followed in an alien deportation case by the Circuit Court of Appeals for this Circuit in Haw Moy v. North, 183 F. 89, where, at page 92, the court said:

"The remaining questions relating to the alleged lack of fairness and good faith on the part of the officers in re-examining the question of the appellant's right to be and remain in the United States cannot be inquired into upon this appeal; the petition for the writ of habeas corpus being insufficient for that purpose. Copies of the warrant of arrest and proceedings under which the appellant is held are not attached or annexed to the petition, nor is the essential part stated, nor is there any cause assigned for any such omission. In this regard the petition is insufficient to enable the court to consider the objection to the proceedings. The general rule is undoubted that, if the detention is claimed to be unlawful by reason of the invalidity of the process or proceedings under which the parties [are] held in custody, copies of such process or proceedings must be annexed to or the essential parts thereof set out in the petition, and mere averments of conclusions of law are necessarily inadequate" (citing Craemer v. Washington, supra).

The rule was reiterated by the Supreme Court in Low Wah Suey v. Backus, 225 U. S. 460, 472, 32 S. Ct. 734, 737 (56 L. Ed. 1165):

"The petition would be much more satisfactory if the general rule had been complied with and the proceedings had before the immigration officer had been set out. As a general rule in habeas corpus proceedings a copy of the record of the proceedings attacked is required. Craemer v. Washington, 168 U. S. 124, 128, 129 [18 S. Ct. 1, 42 L. Ed. 407]. The reasons given for failure to comply with this rule, as stated in the petition, are that the record is too voluminous to be made a part thereof, that to incorporate a copy of the entire proceedings would 'burden the petition and cloud the issue,' that the petitioner was not in the possession of the entire record and was unable to secure it in time to file it with his petition, and that the Commissioner of Immigration had a copy of the record which he could produce with the body of Li A. Sim. It does not appear that a copy of the essential part of the proceedings was not in

tions of the record relied upon to establish the fact that the detained was not given a fair hearing by the immigration authorities. Upon analysis, its pleadings are mere conclusions of law. Argument is mingled with the pleadings. Finally, in setting forth the reasons for not pleading the record or the facts appearing therein, counsel states that the only record available to him is now in Washington, for use in the appeal to the Secretary of Labor. On October 15, 1928, the Immigration Service made its permanent local office record of all immigration hearings available to counsel in these cases, and so notified the attorneys interested. There is no statement in this petition as to why this copy is not available to petitioner, nor as to why the pertinent portions thereof cannot be set up in this proceeding. Under these circumstances, it is the duty of counsel, not of the Immigration Service, nor of the court, to examine the record and search out the facts upon which he relies.

The record before the Secretary of Labor, particularly his findings, is not available, as the appeal was denied December 8, 1928, and insufficient time has elapsed for such record to reach San Francisco. In the event that the petition herein is amended in the particulars suggested, counsel will also be permitted to amend to include this record, or the pertinent parts of it, upon its arrival here.

the possession of the petitioner or could not be had, and so far as it was within his power he should have complied with the rule."

In accordance with the rule thus declared, the records of the hearings being available, counsel are advised that petitions for writs of habeas corpus must set forth the essential part of the proceedings upon which petitioner relies. For example, in an exclusion case, it should contain the findings of the Board of Special Inquiry, the findings of the Secretary of Labor, and such other portions of the record as petitioner relies on to establish his right to a writ. If any portion of this record, despite the rule of the Immigration Service, is not available to the attorney of record for the petitioner, the facts as to the absence of that part of the record, and the reasons for its non-availability should be fully set forth in the petition. If such portion of the record becomes available subsequent to the filing of the petition, counsel will assist the court greatly if such record is then set up by way of amendment to the petition.

The facts upon which petitioner relies should in all cases be pleaded as facts and not as conclusions of law. Rule 50, Rules of Practice, United States District Court, Northern District of California. The petition should be free of mere argument. If petitioner desires to submit points and authorities with his petition, they should be presented in a separate memorandum.

If the petition is thus properly drawn, the court will be relieved of a great deal of unnecessary labor in the examination of the original records. The judgment roll will contain an adequate permanent record of the proceedings, which is not now the case, since the original records of immigration hearings are withdrawn after the final disposition of the case, leaving the record bare of any indication of the basis for the decision upon the petition.

In the event that it appears to the court that the petition for the writ does not in fact furnish sufficient information, the court may, upon its own motion, call for the original record. The Immigration Service will not be requested to produce the original record except under these circumstances. Counsel should discontinue their practice of stating in the petition that they stipulate that the record be considered part of the petition, except where the facts pleaded show that material portions of the record are not in fact available.

Counsel are requested to cooperate with this court in this matter, to the end that petitions for writs of habeas corpus may be efficiently disposed of, and the undue burden heretofore cast upon the court by the stipulation of the entire immigration record into the petition may be lightened.

November 28, 1928.

A. F. ST. SURE,
United States District Judge.
HAROLD LOUDERBACK,
United States District Judge.
FRANK H. KERRIGAN,
United States District Judge.