548

**STEWART v. JOHNSTON, Warden.**
No. 8770.

Circuit Court of Appeals, Ninth Circuit.
June 20, 1938.

J. L. Stewart, in pro. per.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant, who alleges that he is in the custody of the appellee, the warden of the United States penitentiary at Alcatraz Island, California, petitioned the lower court in propria persona for writ of habeas corpus. He was permitted to proceed in forma pauperis. The trial court denied the application without the issuance of an order to show cause or writ of habeas corpus. An application for leave to appeal therefrom was allowed January 18, 1938. The question involved on appeal is whether or not the petition for writ of habeas corpus made a prima facie showing which entitled the appellant to release from custody. Fisher v. Johnston, 9 Cir., 95 F.2d 36. The petition contains 28 pages and is based largely on the alleged insufficiency of the indictment upon which the appellant was prosecuted, convicted and sentenced. Neither a copy of the indictment nor of its essential parts is set out in or annexed to the petition. Appellant also attacks the validity of the sentences, commitments and verdicts. The record of the proceedings, or essential parts thereof necessary for the determination of these questions, is not set out in nor attached to the petition.

In order to supply these defects in his petition, appellant asked that a writ of certiorari ancillary to the writ of habeas corpus be issued by the court directed to the United States District Court in which he was prosecuted, requiring that court to certify the record therein, on the ground that petitioner was "unable to obtain the record by his own initiative".

Appellant also filed a separate petition for writ of certiorari for the same purpose which was denied by this court March 15, 1938 without prejudice to a consideration of similar issues on this appeal.

With reference to this feature of the petition the trial court properly denied the application for writ of certiorari. The trial court had no jurisdiction to issue writ of certiorari to another United States District Court of coordinate jurisdiction. Such a writ is directed only to inferior courts. The lower court had no authority in habeas corpus matters to review the action of the District Court in which the petitioner was convicted.

Plaintiff's complaint as to the invalidity of the indictment, the sentence and the commitment, and the verdict, cannot be considered in the absence of copies of the essential parts thereof. Craemer v. Washington, 168 U.S. 124, 18 S.Ct. 1, 42 L.Ed. 407; Seals v. Johnston, 9 Cir., 95 F.2d 501.

Furthermore, the petition makes it clear that the appellant was charged with a violation of § 347, title 18, U.S.C.A. The sufficiency of an indictment to charge such an offense cannot be raised on habeas corpus. In re Coy, 127 U.S. 731, 8 S.Ct. 1263, 32 L.Ed. 274; U. S. ex rel. Gallivan v. Hill, 3 Cir., 70 F.2d 840, and cases cited therein.

Petitioner assigns as error the failure of the trial court to hold § 742 of Title 18 U.S.C.A.* unconstitutional as violative of the Fifth Amendment, U.S.C.A. Const. Amend. 5. There is no merit in this contention. See Wilson v. Aderhold, 5 Cir., 84 F.2d 806; Galatas v. U. S., 8 Cir., 80 F.2d 15; Andreas v. Clark, 9 Cir., 71 F.2d 908; Zerbst v. Kidwell, 5 Cir., 92 F.2d 756; White v. Kwiatkowski, 10 Cir., 60 F.2d 264; Bailey v. U. S., 10 Cir., 74 F.2d 451.

The assignments of error which are not expressly mentioned in this opinion are fully disposed of by the conclusions above announced.

Order affirmed.

---

* The section has been superseded by the Act of May 14, 1930, ch. 274, § 7,      18 U.S.C.A. § 753f.