## SANDFORD v. UNITED STATES et al.

### No. 172.

District Court, M. D. Pennsylvania.

April 14, 1944.

Petitioner pro se.

Herman Reich, Asst. U. S. Dist. Atty., of Lewisburg, Pa., for the United States.

JOHNSON, District Judge.

The petition for writ of habeas corpus filed in these proceedings alleges that petitioner was arrested August 31, 1942, and confined in the County Jail until February 15, 1943, at which time he was taken before a United States Commissioner and re-committed in default of bail until about March 19, 1943, at which time he was tried and sentenced to a term of three years, which he is now serving. He contends that he is entitled to the writ on the ground that he was "held far too long beyond the limit before appearing before a Commissioner". The restraint to which the petitioner refers has now ceased. As is shown by his own petition, he is now serving the sentence imposed upon him by the trial Court. These allegations, therefore, do not constitute a basis for the issuance of a writ of habeas corpus. Whitney v. Zerbst, 10 Cir., 62 F.2d 970; Hall v. Johnston, 9 Cir., 86 F.2d 820.

The remaining allegation of the petition is that "his sentence is illegal due

to the fact his constitutional rights have been violated." This is a broad general statement of a conclusion of law with no facts stated from which it would be possible to determine any particular right which the petitioner believes has been infringed. A petition which merely alleges that the petitioner is restrained in violation of the Constitution and laws of the United States and does not set out in detail anything touched by the Federal Laws and Constitution does not state facts giving the courts jurisdiction. Ex parte Cuddy, 131 U.S. 280, 9 S.Ct. 703, 33 L.Ed. 154; Whitten v. Tomlinson, 160 U.S. 231, 16 S. Ct. 297, 40 L.Ed. 406; Craemer v. State of Washington, 168 U.S. 124, 18 S.Ct. 1, 42 L.Ed. 407.

And now, therefore, the petition for writ of habeas corpus is dismissed.