**UNITED STATES of America ex rel. John GANT**

v.

**William J. BANMILLER et al.**

**No. M–2301.**

United States District Court
E. D. Pennsylvania.
Aug. 10, 1961.

**WOOD, District Judge.**

This petition, filed in forma pauperis, was obviously drawn by the prisoner himself without assistance of counsel. In light of those facts, we have carefully examined and construed all of the facts, allegations and conclusions in the light most favorable to him.

The petition presents no Federal question involving a violation of the constitutional rights of the petitioner. Giving him all benefit possible, the petition merely sets forth that he was arrested in Brooklyn, New York in 1948; brought to Philadelphia after an interval of seventy-two hours' lapse of time between his arrest in Brooklyn and his arraignment in Philadelphia; that when he was brought before the Court he entered a plea of guilty to charges against him. The late Judge McDevitt deferred sentence on September 28, 1948, and thereafter on January 13, 1949, imposed a sentence of, as the petitioner states, "ten to twenty." He further complains that he has been unable to examine his commitment papers and that he was given solitary confinement in prison at a time when he had tuberculosis.

None of the above complaints justify this Court in entertaining this writ or issuing any rule to show cause as a result of the filing of this petition.

We also conclude from the rambling petition that this matter has been before the Court of Common Pleas in Philadelphia on at least two occasions and to the Supreme Court of the United States, and we may assume that in the interim it has been passed upon by the appellate courts of this State. In other words, we will assume for the purposes of this Order that he has exhausted appellate proceedings in this Commonwealth. All of the questions which he has raised would be properly determined in such tribunals and may not be raised here by way of a writ of habeas corpus. Presley v. Peppersack, 4 Cir., 1955, 227 F.2d 325. This petition, failing to disclose upon its face any basis for issuance of a writ of habeas corpus, must be dismissed. Conley v. Cox, 8 Cir., 1943, 138 F.2d 786. If there was any delay, and we find no evidence of any, between his arrest and the entry of his plea of guilty, it would have no bearing on the validity of the sentence imposed. Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690; and Sandford v. United States et al., D.C.1944, 55 F.Supp. 146. Therefore, the following Order will be entered:

#### Order.

And now, to wit, this 10th day of August, 1961, It Is Hereby Ordered that the writ of habeas corpus is denied.